## RED RIVER RAIL-ROAD CO. *vs.* WILLIAMS.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, FOR THE PARISH OF RAPIDES, JUDGE KING OF THE FIFTH DISTRICT PRESIDING.

A party cannot amend his pleadings and add a nominal sum to increase the demand above $300, so as to give appellate jurisdiction to this court. Such a course will be viewed as an attempt to evade the constitutional provision on this subject, and the case dismissed for want of jurisdiction.

This court will not suffer imaginary claims to be tacked to real ones, for the purpose of giving jurisdiction, in violation of the constitution.

This is an action for two instalments, of five per cent. each, on the defendant's subscription to the capital stock of the Red River Railroad Company, of three thousand dollars. The amount of subscription demanded is three hundred dollars. After the suit was at issue, the plaintiffs amended their petition, added two dollars to the demand, and claimed the sum of three hundred and two dollars, upon the ground set forth in the original petition.

The defendant denied generally :

The subscription was made under the provisions of the 3d section of the act of incorporation, approved 2d April, 1835. On the trial, the defendant set up various objections to the right of the company to call on him, according to the provisions of the law of incorporation itself, not necessary to notice.

There was judgment against the defendant for the sum of three hundred dollars, and he appealed.

*Brent,* for the plaintiff, urged the affirmance of the judgment.

*Gen. Thomas,* for the defendant, argued the case on the merits. The counsel for neither of the parties, noticed the question of want of jurisdiction of the appeal.

*Morphy, J.,* delivered the opinion of the court.

The petition sets forth, that defendant is justly indebted to plaintiffs in the sum of three hundred dollars ; he having become a subscriber to the capital stock of the Red River Rail-road Company for three thousand dollars, according to their charter. That by thus subscribing, he bound himself to pay to them the amount of his subscription, in such instalments and at such times, as he might be legally required to do ; that two instalments, of five per cent. each, upon the capital stock of the company have been called in, and are now due and exigible, amounting together to three hundred dollars,for which judgment is prayed. The defendant pleaded

WESTERN DIST.
*October*, 1840.

R. R. R. ROAD CO.
*vs.*
WILLIAMS.

the general issue. The plaintiffs afterwards filed an amended petition, claiming two dollars more, upon the grounds set forth in the original petition, and praying judgment accordingly. To this petition, the defendant again put in a plea of the general issue. There was judgment for plaintiffs, in the sum of three hundred dollars, and the defendant appealed.

It is clear, that the matter really in dispute here, does not reach the amount which, under the constitution, gives jurisdiction to this tribunal in civil suits. The defendant is sued for two instalments of his subscription, which, at the rate of five per cent. each on its total amount, cannot exceed three hundred dollars. The amended petition, in support of the additional claim of two dollars, refers to the grounds set forth in the first petition, which, far from supporting it, shows conclusively that it is not and cannot be due. On the trial, no evidence was offered to prove that this additional sum was due, either on the grounds assumed, or on any other. Under such circumstances, we cannot but view the course pursued, in this case, as an attempt to evade and set at nought that provision of the constitution which declares that our appellate jurisdiction shall *extend only* to cases where the matter in dispute shall exceed three hundred dollars. *Art. 4, Sec. 2, of the Constitution.*

It is true that we have held that our jurisdiction is to be determined by the amount of the demand, and not by that of the judgment below; but this must be understood of serious and *bona fide* demands, in support of which some ground or evidence is attempted to be shown. We readily avail ourselves of this opportunity, which has appeared to us a most fit one, for the purpose of declaring that we are by no means diposed to suffer fictitious and imaginary claims to be tacked on a real one, for the sole purpose of bringing up suits before this court in violation of the constitution, and in derogation of the respect due to the courts of justice.

It is, therefore, ordered, that this appeal be dismissed with costs.

A party cannot amend his pleadings and add a nominal sum to increase the demand above three hundred dollars, so as to give appellate jurisdiction to this court. Such a course, will be viewed as an attempt to evade the constitutional provision on this subject, and the case dismissed for want of jurisdiction.

This court will not suffer imaginary claims to be tacked to real ones, for the purpose of giving jurisdiction, in violation of the constitution.