COPLEY *v.* ROSS et al.

No appeal will lie from a judgment on a claim for three hundred dollars, on which no interest had accrued before the commencement of suit. The fact of the plaintiff's claiming interest from a previous period, if the demand be manifestly fictitious, will not entitle him to an appeal.

APPEAL from the District Court of Ouachita. A judgment as to one of the defendants was rendered by *Willson,* J., and the cause, was subsequently tried

as to the other defendant before *Curry*, J. The plaintiff appealed from both judgments.

*Copley*, appellant, *pro se*. *Heydenfeldt*, on the same side. *Baker*, *Sharp*, *McGuire* and *Ray*, for the defendants.

The judgment of the court was pronounced by

SLIDELL, J. This suit is brought to recover the amount of a fee, alleged to have become due by the contract of *Ross*, in his capacity of under-tutor of a minor, with *Downs & Copley*, attorneys at law, who subsequently transferred their partnership claim to the plaintiff, one of the partners. The original petition, which was filed in February, 1844, alleged that *Downs & Copley* were, by agreement, to receive the same fee as should be charged by *McGuire*, another attorney also employed in the cause; and that the fee charged by *McGuire* was either two hundred, or two hundred and fifty dollars. The petition asked judgment for that amount, without interest. By an amended petition the plaintiff alleged that he had since been informed that *McGuire* charged $300, and that as, according to the contract, *Downs & Copley* were to be allowed the same fee, he, therefore, prayed for judgment for $300, but not for interest. Subsequently the plaintiff again filed an amended petition, in which, reiterating the allegation that by the agreement *Downs & Copley* were to have the same fee as might be charged by *McGuire*, he avers that *McGuire* charged $300, and took in payment from the defendants their note for $300, dated 13th January, 1844, and bearing interest at ten per cent, from date till paid; that he is therefore entitled to $300, with interest at ten per cent per annum from 13th Jan. 1844.

The agreement to pay the same fee to *Downs & Copley* as should be charged to *McGuire*, which is the basis of the plaintiff's suit, cannot carry with it a liability for the ten per cent interest. The agreement of the defendants with *McGuire*, to pay him ten per cent interest for the time which he chose to allow them, when, on settling with them, he took their note, payable at a future day, is a contract entirely independent of the charge itself of $300. From the contract between these parties and the charge of *McGuire* as alleged, there arose a liability for $300, upon which no interest could accrue anterior to this suit, without either an express stipulation for interest, or a putting in default, neither of which is alleged. On the face of the petition, the claim for interest is a mere empty assertion, not only unsustained by any allegations justifying such claim, but repugnant to the thrice repeated allegation, that the plaintiff was, by agreement, to have the same fee as should be charged by *McGuire*. His charge was $300, and the stipulation for interest was a new agreement independent of that charge, and the consideration of which was, not the professional services, but an indulgence granted by *McGuire* to his debtors.

If we look beyond the allegations of the petition to the evidence adduced, the claim for interest, from January, 1844, is still found to be a mere groundless assertion.

An assertion, made under such circumstances, is not a foundation for the jurisdiction of this court; and it is our duty to apply in this case the principle invoked by the defendants, and sanctioned by repeated decisions of our predecessors, that this court must refuse its jurisdiction, when the excess of the sum claimed over $300 is manifestly a fictitious demand. See 16 La. 184. 3 Rob. 143. 9 Ibid. 153. *Appeal dismissed.*